UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PAUL K. FORTH, JR. and                          **REPORT AND**
MARY KAY FORTH,                                 **RECOMMENDATION**
                              Plaintiffs,
                                                13-CV-00808(A)(M)
v.

DIVERSEY CORPORATION,
JOHNSONDIVERSEY, INC. and
CHEMICAL DISTRIBUTORS, INC.,

                              Defendants.

_____

        Plaintiffs have moved to remand this action to State of New York Supreme Court,

County of Erie [8].[1]  That motion, being dispositive, has been referred to me by Hon. Richard J.

Arcara for a Report and Recommendation [6].[2]  Oral argument was held on October 22, 2013

[18].  For the following reasons, I recommend that the motion be denied.


## BACKGROUND

        On January 18, 2012 plaintiffs, both New York citizens, commenced this action in

State of New York Supreme Court, County of Erie against Diversey Corporation and Johnson

diversey, Inc. (both foreign corporations) and Chemical Distributors Inc. (a domestic

corporation), seeking to recover damages for personal injuries allegedly sustained by plaintiff

Paul Forth from chemical exposure on December 30, 2010. Complaint [9-4].

---

[1]      Bracketed references are to CM/ECF docket entries.

[2]      "[A] magistrate judge presented with such a motion should provide a  report and
recommendation to the district court that is subject to *de novo* review under Rule 72".  Williams v.
Beemiller, Inc., 527 F. 3d 259, 266 (2d Cir. 2008).

In an Affidavit dated August 2, 2013, Chemical Distributors' president, Mark Russell, states that in a meeting on July 19, 2012 he told plaintiffs' attorney, Charles Cobb, that Chemical Distributors was not a proper defendant in this action, and that Mr. Cobb assured him that Chemical Distributors would be released from the action. [1-3], ¶¶3-4. Mr. Russell confirmed that conversation in a letter to Mr. Cobb dated August 13, 2012. Id., p. 3 of 3. Plaintiffs' Reply Memorandum of Law [10][3] states that their "attorney decided against letting CHEMICAL DISTRIBUTORS, INC. out of this case because more discovery was required in order to verify the accuracy of CHEMICAL DISTRIBUTOR, INC.'s pre-answer representations" (id., p. 2). However, although my September 2, 2013 Text Order [12] gave him the opportunity to file reply papers, Mr. Cobb has not submitted an affidavit disputing Mr. Russell's sworn assertions.

In December 2012 Chemical Distributors offered to produce a representative for an immediate deposition, but plaintiffs refused that offer. Burden Affirmation [16], ¶34; Russell Affidavit [1-3] ¶9. In fact, plaintiffs never noticed the deposition of Chemical Distributors. Burden Affirmation [16], ¶60. On December 18, 2012 plaintiffs served interrogatories and document requests upon Chemical Distributors, but never followed up to obtain responses to those demands. Id., ¶¶35-37.

Following a "brief discussion with Lori Petrone [Chemical Distributors' attorney] who represented that their product was sold for a different part of the facility in which plaintiff worked" (plaintiffs' Reply Memorandum [10], p. 3), Mr. Cobb announced during plaintiff's deposition on June 19, 2013 that plaintiffs would consent to dismiss Chemical Distributors from

---

[3]     Although captioned a Reply Memorandum, it is actually plaintiffs' initial Memorandum.

the action. Burden Affirmation [16], ¶42. The Stipulation of Discontinuance as to Chemical

Distributors was filed on July 30, 2013. Cobb Affidavit [9], ¶7. On August 6, 2013 defendants

Diversey Corporation and Johnsondiversey, Inc. filed a Notice of Removal [1], alleging diversity

of citizenship between plaintiffs and the remaining defendants. *See* 16 Moore's Federal Practice,

§107.41[2][e] (Matthew Bender 3d ed.) ("If the plaintiff . . . voluntarily dismisses the nondiverse

party . . . the remaining defendant may remove").

In moving to remand, plaintiffs argue that removal is barred by 28 U.S.C.

§1446(c)(1), which prohibits the removal of an action based on diversity jurisdiction "more than

1 year after commencement of the action, unless the district court finds that the plaintiff has acted

in bad faith in order to prevent a defendant from removing the action". Plaintiffs' Reply

Memorandum of Law [10], Point II. Defendants respond that the one-year limitation of

§1446(c)(1) is inapplicable because "plaintiffs acted in bad faith in an effort to keep defendants

from removing this case within the one-year time period". Defendants' Memorandum of Law

[16-8], pp. 8 *et seq.*


## ANALYSIS

"Where, as here, jurisdiction is asserted by a defendant in a removal petition, it

follows that the defendant has the burden of establishing that removal is proper." United Food &

Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square,

Inc., 30 F.3d 298, 301 (2d Cir. 1994). Therefore, in order to overcome the one-year limitation of

28 U.S.C. §1446(c)(1), defendants must prove that plaintiffs acted in bad faith in order to prevent

them from removing the action within that time period.

In other contexts, "the standard for bad faith is stringent and must be supported by clear and convincing evidence". Kerin v. United States Postal Service, 218 F.3d 185, 191 (2d Cir. 2000). I believe that the same standard of proof should apply here, since I must "construe removal statutes strictly and resolve doubts in favor of remand". Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 220 (2d Cir. 2013). By analogy, the "clear and convincing" standard of proof applies to a claim that a nondiverse defendant has been fraudulently joined in order to prevent removal. Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998). Although defendants do not claim that Chemical Distributors was fraudulently joined here, I see no reason why a lower standard of proof should apply to their claim that plaintiffs' delay in dismissing Chemical Distributors constituted bad faith.

"[B]ad faith 'may be overt or may consist of inaction . . . [such as] lack of diligence and slacking off.'" Bank of China v. Chan, 937 F.2d 780, 789 (2d Cir. 1991) (*quoting* Restatement (Second) of Contracts, §205, comment d); Black's Law Dictionary (Ninth ed.). "Since it would be extraordinary for a party directly to admit a 'bad faith' intention, his motive must of necessity be ascertained from circumstantial evidence." Continental Insurance Co. v. N.L.R.B., 495 F.2d 44, 48 (2d Cir. 1974). In this case, the circumstantial evidence of plaintiffs' bad faith in delaying the dismissal of Chemical Distributors is quite compelling.

In the first place, Mr. Cobb failed to controvert, under oath, Mark Russell's sworn statement that Cobb had assured him on July 19, 2012 that he would dismiss Chemical Distributors from the action. Secondly, plaintiffs' *un*sworn explanation - namely that "more discovery was required in order to verify the accuracy of CHEMICAL DISTRIBUTOR, INC.'s pre-Answer representations" (plaintiffs' Reply Memorandum of Law [10], p. 2) - is contradicted

by the fact that plaintiffs *did not obtain* any further discovery from Chemical Distributors before dismissing it. Instead, they acknowledge that the dismissal was based solely "upon plaintiff's testimony and [Chemical Distributors'] counsel's representation". Id., p. 3. I fail to see why Mr. Cobb had to await the deposition testimony of plaintiff Paul Forth to make a decision - as his attorney, Cobb could have spoken to him at any time.

These factors are highly suggestive of bad faith. *See* In re Rezulin Products Liability Litigation (MDL No. 1348), 2003 WL 21355201, *2 (S.D.N.Y. 2003) (concluding that "strategic behavior was at play" by noting that "plaintiffs took no discovery from the [nondiverse] physician" before dismissing claim against him); Kemp v. CTL Distribution, Inc., 2010 WL 2560447, *7 (M.D.La.), adopted, 2010 WL 2560451 (M.D.La. 2010),  aff'd, 2011 WL 3425592 (5th Cir. 2011) (unpublished opinion) ("the plaintiffs failed to offer any cogent explanation or factual basis for . . . delaying seeking discovery from" the nondiverse defendants before dismissing them).

Plaintiffs' explanations for their failure to earlier dismiss Chemical Distributors from the action are inconsistent and implausible. "Both inconsistent statements and implausible explanations have been recognized as evidence of guilty knowledge." United States v. Villarreal, 324 F.3d 319, 325 (5th Cir. 2003); *see also* United States v. Lacey, 459 F.2d 86, 90 (2d Cir. 1972).  Therefore, I find by clear and convincing evidence that in delaying the dismissal of Chemical Distributors from this action, plaintiffs "acted in bad faith in order to prevent . . . defendant[s] from removing the action". 28 U.S.C. §1446(c)(1).

## CONCLUSION

For these reasons, I recommend that plaintiffs' motion for remand [8] be denied.

Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by November 12, 2013 (applying the time frames set forth in Fed. R. Civ. P. ("Rules") 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: October 23, 2013                    /s/ Jeremiah J. McCarthy
                                           JEREMIAH J. MCCARTHY
                                           United States Magistrate Judge